UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON STRIBLING,

    Plaintiff,

v.

KEITH FAGUNDES, et al.,

    Defendants.

Case No. 18-cv-03646-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff will be granted leave to proceed *in forma pauperis* ("IFP") in a separate written order.

For the reasons stated below, the Court dismisses the complaint for failure to state a claim for relief.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Plaintiff names as Defendants Keith L. Fagundes, the District Attorney for Kings County,

and Steven N. Nguyen, the Deputy District Attorney for Kings County, who seem to be attempting to prosecute Plaintiff in a pending criminal case. *See* Dkt. 1 at 3.[1] Plaintiff has attached a document dated April 6, 2018, signed by Defendants, and entitled, "Declaration for Release and Transportation of Prisoner and Order." *Id.* at 5. It appears that Defendants claim that a "Complaint was filed in the Superior Court of California, County of Kings, on or about March 21, 2018 charging [Plaintiff] with a criminal violation and proceedings are pending thereon . . . ." *Id.* Therefore, Defendants requested that the state superior court issue an order directing the prison to transport Plaintiff for an arraignment that had been scheduled on May 16, 2018. *Id.* Plaintiff claims that Defendants were "charging him with a crime using a phoney [sic] piece of paper to do it . . . that do[es]n't even [state] what offen[s]e it is, and where it suppose[d]ly happened." *Id.* at 3. Plaintiff seeks injunctive relief and monetary damages. *Id.*

However, Defendants are immune from suit. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). In the instant action, the aforementioned prosecutors' act—of issuing a declaration indicating that Plaintiff was facing charges and requesting for a court order directing the prison to transfer Plaintiff for an arraignment at the state superior court—is clearly conduct taken as an advocate for the State, and is intimately associated with the judicial phase of the criminal process. *See Gobel v. Maricopa County*, 867 F.2d 1201, 1204 (9th Cir. 1989) ("Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case. . . ."); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (finding that preparing and filing a criminal information and a motion for an arrest warrant are protected by absolute immunity). Thus, Defendants are absolutely immune from this suit. Accordingly, the entire complaint is DISMISSED as Plaintiff's allegations against Defendants, who are immune from suit, fail to state a claim cognizable under 42 U.S.C. § 1983. Such

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

dismissal will be without leave to amend, as any amendment under the circumstances alleged herein would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

### III. CONCLUSION

For the reasons outlined above, the complaint is DISMISSED for failure to state a claim. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: August 21, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge